**SKAGGS FAUCETTE LLP**
Jeffrey E. Faucette (No. 193066)
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Telephone: 415.874.3181
jeff@skaggsfaucette.com

**WILLIAMS & CONNOLLY LLP**
Dane H. Butswinkas (*pro hac vice*)
Richmond T. Moore (*pro hac vice*)
Matthew Nicholson (*pro hac vice*)
Timothy M. Pellegrino (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5688
dbutswinkas@wc.com
rtmoore@wc.com
mnicholson@wc.com
tpellegrino@wc.com

*Attorneys for Defendant*,
META PLATFORMS, INC.

**BLANK ROME LLP**
Frank A. Dante (*pro hac vice*)
Melissa Fundora Murphy (*pro hac vice*)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: 215.569.5645
frank.dante@blankrome.com
melissa.murphy@blankrome.com

Gregory M. Bordo (SBN 156147)
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434
gregory.bordo@blankrome.com

*Attorneys for Defendant*,
LUXOTTICA OF AMERICA INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In re Meta AI Glasses Litigation*

This document relates to:
All actions

Master Case File No. 3:26-cv-01897-EMC

Assigned to Hon. Edward M. Chen

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED PSEUDONYMOUSLY**

## I. INTRODUCTION

Defendants Meta Platforms, Inc. and Luxottica of America Inc. partially oppose Plaintiffs' Administrative Motion to Proceed Pseudonymously.[1] ECF No. 107. Defendants do not oppose the requests of Plaintiffs PL18–PL21, PL23–PL29, PL31–PL45, GAL1 or GAL2 at this stage. These are Plaintiffs who are minors, the parents/guardians of minor Plaintiffs, or whose allegations involve other minors. Defendants do, however, oppose pseudonymity for the remaining 19 Plaintiffs because they have failed to demonstrate exceptional circumstances sufficient to overcome the presumption of open judicial proceedings. Plaintiffs attempt to stretch a narrow exception intended to protect individuals facing substantial harm or retribution into a sweeping rule that would shield the identities of individuals who might find it embarrassing to be associated with generalized descriptions of common intimate or sexual activity. That is not the law. Tellingly, 11 of the 19 Plaintiffs used their real names when filing their original complaints six months ago, and not one has offered any evidence that disclosure has caused them harm. If there were any recordings of Plaintiffs with highly confidential personal information, they can be protected from public disclosure through a protective order. Open proceedings are important here because Plaintiffs seek to be class representatives; potential class members have a right to know who is representing their interests. And creating pseudonyms would create a burden on the parties and this Court by requiring needless cross-referencing and redactions. Thus, the extraordinary step of allowing Plaintiffs to conceal their identities from the public record should be denied.

## II. LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir 2010) (affirming denial of minor plaintiffs' motion because "[i]n this circuit, the common law rights of access to the courts and judicial records are not taken lightly"). "Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Accordingly, the Ninth Circuit has made clear that pseudonymity should only be granted "in the unusual case." *Id.*; *see also United States v.*

[1] Defendants do not waive their right to compel arbitration by opposing this motion.

*Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." (citation omitted)).

The party seeking pseudonymity bears the burden of demonstrating that their case presents the exceptional circumstances required to overcome the presumption of openness. *See Advanced Textile*, 214 F.3d at 1069; *see also Roe v. Skillz, Inc.*, 858 F. App'x 240, 241–42 (9th Cir. 2021) (denying pseudonymity where plaintiff failed to present "evidence that supports the assertion that she will suffer substantial additional mental injury if her identity is disclosed" and instead relied only on "conclusory and general statements"). While pseudonymity is sometimes permitted to preserve privacy "in a matter of a sensitive and highly personal nature," *Advanced Textile*, 214 F.3d at 1068, the risk "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough," *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981). "[A]bsent a demonstrated need for anonymity, there is a prevailing public interest in open judicial proceedings." *Doe v. Pentz*, 2024 WL 7006712, at *4 (C.D. Cal. Dec. 31, 2024) (holding that allegations that sexual images and videos were distributed without consent were insufficient to support pseudonymity request).

## III. ARGUMENT

### A. Plaintiffs Do Not Meet the High Bar Required for Pseudonymous Litigation.

Where, as here, a plaintiff seeks to proceed anonymously based on alleged "stigma" they would face if their identity were revealed, plaintiff bears the burden of demonstrating that the alleged stigma "is so palpable that anonymity is critical." *Doe v. UNUM Life Ins. Co. of Am.*, 164 F.Supp.3d 1140, 1142 (N.D. Cal. 2016). "But that is a rare circumstance." *Id.*

Plaintiffs assert that the Consolidated Class Action Complaint ("CCAC") alleges they engaged in "intimate conversation between partners" or other forms of "sexual intimacy." ECF No. 107 at 3. But Plaintiffs offer no evidence that such ordinary consensual conduct between adults is severely stigmatized and that plaintiffs' fears of stigmatization are reasonable. *See Kamehameha*, 596 F.3d at 1043 ("In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable."). Indeed, in the CCAC, many Plaintiffs do not even expressly allege "sexual activity" at all. Rather, they rely on vague and conclusory

references to "intimate" or "sensitive" moments, including time spent with a significant other in a bedroom (PL11), moments with a fiancé (PL12), generalized references to a bedroom, shower, or bathroom (PL13), conversations with a partner (PL14), and unspecified moments, including "intimacy" (PL15). *See* ECF No. 106, ¶¶ 223, 229, 235, 238, 247. Without more, there is no basis to conclude that disclosure of these Plaintiffs' identities would expose them to the type of extraordinary stigma or harm that could justify anonymity. *See Skillz*, 858 F. App'x at 241–42.

At most, Plaintiffs assert that "victims of leaked sex tapes are often turned into a punchline." ECF No. 107 at 3. But Plaintiffs' footage is not alleged to have been "leaked" online like a sex tape. Rather, Plaintiffs allege that certain private information was reviewed internally by humans at Meta and its vendors as part of the AI training process. And even if this information were released publicly, sex tape allegations do not warrant pseudonymous protection absent a "sufficient factual showing as to the severity and reasonableness of threatened harm." *See Pentz*, 2024 WL 7006712, at *3–4 (finding allegations of nonconsensual distribution of sexually-explicit images and videos insufficient to permit pseudonymity and noting that "general allegations that 'victims of revenge pornography are often met with threats and ridicule by the public' … fail to demonstrate [plaintiff's] particular vulnerability to retaliation"); *see also Doe v. Lombardo*, 2024 WL 4536772, at *7 (D. Nev. Oct. 18, 2024) ("Plaintiff's assertions here are mostly generic and related to an unspecified risk of stigma all individuals bringing sexual exploitation claims face."); *4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, at *3 (C.D. Cal. Jan. 29, 2009) (vague assertions of stigma or embarrassment associated with being an exotic dancer insufficient to warrant anonymity).

Plaintiffs also state that "[s]ome Plaintiffs reveal their sexual orientation through this footage," ECF No. 107 at 3, but the CCAC contains no allegation that any Plaintiff's sexual orientation was disclosed to Defendants, nor that any Plaintiff would suffer particularized harm from its disclosure. The Motion then advances the equally unsupported contention that Plaintiffs are "particularly vulnerable to trauma and harm which the public exposure of their identity will only exacerbate." *Id.* Again that is not enough. *See Skillz*, 858 F. App'x at 241–42 (plaintiff did not present evidence supporting her conclusory assertions of harm); *Pentz*, 2024 WL 7006712, at *3–4 (plaintiff did not file a declaration or other evidence showing reasonable fear; counsel's

allegations did not "set forth any particular facts" warranting anonymity) (citing *Doe v. Combs*, 2024 WL 4635309, at *3 (S.D.N.Y. Oct. 30, 2024) ("[I]t is well-established that counsel's 'conclusory statements and speculation' about mental harm to Plaintiff are insufficient")).

Plaintiffs' cited cases are easily distinguishable. In *Janes Roe 1–2 v. SFBSC Mgmt*, 77 F.Supp.3d 990, 995, 997 (N.D. Cal. 2015), the court found—and *defendants agreed*—that the plaintiff exotic dancers "express[ed] reasonable concerns that disclosing their identities would threaten them with both career and possibly physical harm." And *Doe v. Penzato*, 2011 WL 1833007, at *5 (N.D. Cal. 2011), involved a "victim of human trafficking and sexual assault." The court granted pseudonymity because victims of sexual assault "may fear public exposure and the stigma of having been a victim to such a crime." *Id*. No Plaintiff claims to be a sexual assault victim.[2]

**B. Eleven Plaintiffs Already Identified Themselves in the Public Record.**

PL01 through PL10 and PL22 publicly filed prior complaints in these actions using their real names. This alone warrants denying their Motion. *See UNUM*, 164 F.Supp.3d at 1144 ("[O]nce a plaintiff has opened a file number in federal court using his or her real name, any attempt to proceed under a pseudonym would be pointless."); *Hinckley v. All Am. Waste Servs. Inc.*, 2025 WL 1940001, at *5 (D. Ariz. July 15, 2025) (noting that "once information is public, it is no longer confidential" and denying motion); *Stoterau*, 524 F.3d at 1013 (denying pseudonymity where identity was "a matter of public record"). The CCAC may add some details, but Plaintiffs already publicly associated themselves with the fundamental allegations—that contractors allegedly saw "bathroom visits, sex and other intimate moments." *See, e.g.*, ECF No. 106, ¶ 956. Accordingly, pseudonymity now serves no purpose.[3]

---

[2] Plaintiffs' other cases that touch on sexuality are also distinguishable. *See Stoterau*, 524 F.3d at 1013–14 (denying pseudonymity for sex offender); *Ocean S. v. L.A. Cnty.*, 2023 WL 8191123, at *4 (C.D. Cal. Nov. 20, 2023) (former foster children sexual abuse victims); *Doe 1 v. Nat'l Collegiate Athletic Assoc.*, 2022 WL 3974098, at *2 (N.D. Cal. Aug. 30, 2022) (students alleging nonconsensual sexual conduct); *M.R. v. Fed. Corr. Inst. "FCI" Dublin*, 2022 WL 5225881, at *2 (N.D. Cal. Oct. 5, 2022) (sexual assault victim with "detailed allegations of death threats").

[3] Four of the 11 previously-identified Plaintiffs now seek anonymity based on their status as parents of minor children. Their requests should still be denied. *See Doe v. Lake Oswego Sch. Dist.*, 2015 WL 5023093, at *4 (D. Or. Aug. 20, 2015) (denying pseudonymity for minors and their parents because the parents were already "publicly named and linked to th[e] lawsuit").

**C. Plaintiffs' Private Information Can Be Protected Through a Protective Order.**

Pseudonymity is not necessary to protect Plaintiffs. Plaintiffs are seeking to shield their *allegations* regarding the recording of private information. But insofar as Plaintiffs are seeking to prevent the public disclosure of any *actual* recordings that contain nudity or other sensitive private information, that issue should be handled through a protective order. Fed. R. Civ. P. 26(c)(1) (court may enter a protective order "to protect a party or person from annoyance[] [or] embarrassment"). To the extent such recordings exist, they should be handled individually, as any other confidential information. But it is not a basis for an anonymous lawsuit.

**D. Public Interest and Prejudice to Defendants Outweighs Plaintiffs' Interests.**

Any interest Plaintiffs have in anonymity is outweighed by the "compelling public interest in open court proceedings, particularly in the context of a class action, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation." *Roe v. State Bar of California*, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) (quoting *In re Ashley Madison Cust. Data Sec. Breach Litig.*, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016) (requiring plaintiffs to "disclose their identities so that the public, including the putative class members they seek to represent, know who is guiding and directing the litigation")); *see also Doe 1 v. Pearce Servs., LLC*, 2026 WL 2337888, at *2 n. 2 (C.D. Cal. Aug. 12, 2026); *Doe v. NFL Enters., LLC*, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017); *Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *6 (C.D. Cal. Feb. 4, 2016). If Plaintiffs wish to remain anonymous, they can "dismiss their complaints and proceed, without publicly disclosing their names, as class members—if and when a class is certified." *In re Ashley Madison*, 2016 WL 1366616, at *5.

Moreover, permitting pseudonymity would needlessly burden Defendants and the Court. Maintaining pseudonyms throughout this complex, multi-plaintiff action would require additional procedures for filings, discovery, depositions, hearings, and trial—increasing costs and the risk of confusion. Balanced against Plaintiffs' conclusory and unsupported assertions of harm, these burdens further weigh against permitting pseudonymity here. *See Kamehameha*, 596 F.3d at 1045.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted in part and denied in part.

DATED: September 8, 2026


**SKAGGS FAUCETTE LLP**

By: /s/ Jeffrey E. Faucette
Jeffrey E. Faucette (No. 193066)
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Telephone: 415.874.3181
jeff@skaggsfaucette.com

**WILLIAMS & CONNOLLY**

By: /s/ Richmond T. Moore
Dane H. Butswinkas (*admitted pro hac vice*)
Richmond T. Moore (*admitted pro hac vice*)
Matthew Nicholson (*admitted pro hac vice*)
Timothy M. Pellegrino (*admitted pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5688
dbutswinkas@wc.com
rtmoore@wc.com
mnicholson@wc.com
tpellegrino@wc.com

*Attorneys for Defendant*,
META PLATFORMS, INC.

**BLANK ROME LLP**

By: /s/ Frank A. Dante
Frank A. Dante (*admitted pro hac vice*)
Melissa Fundora Murphy (*admitted pro hac vice*)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: 215.569.5645
frank.dante@blankrome.com
melissa.murphy@blankrome.com

Gregory M. Bordo (SBN 156147)
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434
gregory.bordo@blankrome.com

*Attorneys for Defendant*,
LUXOTTICA OF AMERICA INC.

**FILER'S ATTESTATION**

I, Jeffrey E. Faucette, am the ECF user whose identification and password are being used to file the foregoing document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

*/s/ Jeffrey E. Faucette*

Jeffrey E. Faucette