UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META AI GLASSES LITIGATION.

Case No. 26-cv-01897-EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO PROCEED PSEUDONYMOUSLY**

Docket No. 107

United States District Court
Northern District of California

Plaintiffs have filed a putative class action against Defendants, arguing that their product, the Meta AI glasses, violated their privacy rights. There are more than seventy individuals who are plaintiffs in the case. *See* Mot. at 1. Plaintiffs now ask that forty-six of them be allowed to proceed in this suit pseudonymously. Having considered the parties' briefs as well as the operative consolidated class action complaint ("CAC"), the Court hereby **GRANTS** in part and **DENIES** in part Plaintiffs' motion for relief.

## I. FACTUAL & PROCEDURAL BACKGROUND

The forty-six individuals who seek to proceed anonymously are PL01-PL13 and PL15-PL45, plus GAL1 and GAL2 who are the guardians of minors PL35-PL39 and PL45, respectively.[1] Plaintiffs argue that the relevant individuals "fall within uniquely sensitive groups: (1) those captured by Glasses during sexual intimacy; (2) minors captured while nude when bathing or changing clothes; [and] (3) minors whose parents were recorded during private conversations about the minors' medical conditions." Mot. at 1.

[1] In their reply brief, Plaintiffs state that they "will withdraw PL14 from pseudonymous designation." Reply at 2 n.1.

The plaintiffs who fall into the first category are: PL01-PL03, PL05, PL08-PL09, PL11-13, PL15-18, PL20-PL28, and PL30. *See* Mot. at 3. Defendants do not oppose the request for the following to proceed pseudonymously: PL18, PL20-21, and PL23-28. *See* Opp'n at 1. Thus, the individuals who remain at issue are: **PL01-PL03, PL05, PL08-PL09, PL11-13, PL15-17, PL22, and PL30**.

The plaintiffs who fall into the second category are: PL29,[2] PL31-PL42, and PL44-PL45. *See* Mot. at 4. Defendants do not oppose any of these plaintiffs' request to proceed pseudonymously. *See* Opp'n at 1.

Finally, the plaintiffs who fall into the third category are: PL04, PL06, PL07, PL10, PL18-PL21, PL43, GAL1, and GAL2. Defendants do not oppose the request for the following to proceed pseudonymously: PL18-PL21, PL43, GAL1, and GAL2. Thus, the individuals who remain at issue are: **PL04, PL06, PL07, and PL10.**

## II. DISCUSSION

### A. Legal Standard

The use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings" as well as "Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). However, the Ninth Circuit has allowed the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68. In general, a court must "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068 ("We . . . hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."). Prejudice to the opposing party may not be the same at every stage of the litigation. *See id.* (noting that "[t]he court must . . . determine the precise

[2] "PL29 was a minor at the time of being recorded by the Glasses." Mot. at 4.

United States District Court
Northern District of California

prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice"). The public interest may also change depending on the stage of the litigation.

> Applying [the above] balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, *see Stegall*, 653 F.2d at 186; *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973) (permitting FLSA plaintiffs to use pseudonyms to protect them from employer reprisals); (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature," *James*, 6 F.3d at 238; *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy); and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution," *Stegall*, 653 F.2d at 185; *see also Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975), *judgment aff'd by* 425 U.S. 985 (1976).

*Id.*

B. <u>Category 2: Minors</u>

As indicated above, Defendants have not opposed the request of any minor to proceed anonymously (Category 2). The Court thus grants the motion for relief as to these plaintiffs: PL29, PL31-PL42, and PL44-PL45.

C. <u>Category 3: Parents of Minors</u>

Defendants also have not opposed the request of *some* parents of minors to proceed anonymously (Category 3). Implicitly, they recognize that identification of the parent will also identify the minor. *See* Mot. at 4 (arguing that identifying parents (or relatives such as grandparents) "would in turn identify minors by their association"). Defendants continue, however, to oppose anonymity as to other parents/relatives: specifically, PL04, PL06, PL07, and PL10.

Plaintiffs argue that there is no difference between these parents/relatives and those to whom Defendants have agreed to anonymity. *See, e.g.*, CAC ¶ 183 (PL04) (alleging that PL04 used the Meta AI Glasses "in his day-today activities, including paying bills, looking at private

financial documents, and bathing his two-year-old child at least once a week between September 2025 and February 2026"); CAC ¶ 199 (PL06) (alleging that PL06 "used the Glasses frequently, including using the AI feature to answer the phone with the Glasses when she was caring for her toddler – including bathing and diaper changes"; "[s]he has also been in conversations, discussing private or personal matters, including her daughter's behavior at school, Medicaid and social security information, and funeral arrangements for her mother, during which times she has heard the Glasses say 'huh' as though she had said 'Hey Meta,' when she had not said anything to trigger the AI"); CAC ¶ 202 (PL07) (alleging that PL07 "us[ed] the AI features to photograph her minor child throughout all different moments of childcare – changing diapers, bathing her child"); CAC ¶ 217 (PL10) (alleging that "PL10 used his Meta AI Glasses extensively, including in taking footage of family members which included footage of children: his daughter, nephews, and cousins").

The difference, however, appears to be that PL04, PL06, PL07, and PL10 previously filed complaints using their real names. *See* Opp'n at 4 & n.3. Because the parents previously identified themselves *and* it appears their complaints specifically noted images of their children were recorded, the cat has effectively been let out of the bag. Accordingly, the Court grants in part and denies in the part the motion for relief with respect to the plaintiffs covered in Category 2. These plaintiffs may proceed anonymously, *except* for PL04, PL06, PL07, and PL10. *Cf. Doe v. Lake Oswego Sch. Dist.*, No. 3:15-cv-00385-ST, 2015 U.S. Dist. LEXIS 110777 (D. Or. Aug. 20, 2015) (adopting report and recommendation); *Doe v. Lake Oswego Sch. Dist.*, No. 3:15-cv-00385-ST (Docket No. 47) (report and recommendation) (where plaintiffs were parents of child who was hazed at high school, and where plaintiffs claimed fear or retaliatory harm, noting, *inter alia*, that, "[s]ince plaintiffs have already been publicly named and linked to this lawsuit, their fear that requiring them to plead using their real names would cause them harm is not reasonable").

D. Category 1: Intimate Sexual Conduct

Finally, Defendants oppose the request for the following plaintiffs to proceed pseudonymously: PL01-PL03, PL05, PL08-PL09, PL11-13, PL15-17, PL22, and PL30. Defendants make a passing argument that it is not clear, from the allegations in the operative

complaint, that sexual activity was recorded for *all* of these plaintiffs. *See* Opp'n at 2-3. *But see* Reply at 2 (stating that, "[t]o be clear[,] [the relevant plaintiffs'] allegations refer to sexual activity"). Defendants' primary argument, however, is that "Plaintiffs offer no evidence that . . . ordinary consensual conduct between adults is severely stigmatized and that plaintiffs' fears of stigmatization are reasonable." Opp'n at 2.

In response, Plaintiffs' main contention is naming these individuals is not appropriate because there is a difference between consensual sex and recorded sex. According to Plaintiffs, "[r]ecordings of intimate moments carry stigma: society labels, mocks, and judges people who appear in 'sex tapes' – consensual or not – in a way that it does not judge people simply for having sex in private." Reply at 2.

The Court agrees with Plaintiffs that there is a stigma related to recorded sex, even where an individual does not voluntarily make a "sex tape."[3] In other words, disclosure to the public that one's sexual acts have been recorded is a source of embarrassment. The Court, therefore, must balance the relevant plaintiffs' desire for anonymity against any prejudice to Defendants as well as the public's interest in knowing the individuals' identities.

The Court is not unsympathetic to Defendants' contention that maintaining anonymity does impose a burden. *See* Opp'n at 5 ("Maintaining pseudonyms throughout this complex, multi-plaintiff action would require additional procedures for filings, discovery, depositions, hearings, and trial – increasing costs and the risk of confusion."). However, the Court at this juncture is only addressing anonymity at this early stage of proceeding. The respective interests may shift during the litigation. There is a likelihood that anonymity will not be permitted to continue at trial. The burden on Defendants of maintaining some plaintiffs' anonymity at this early stage of

---

[3] For most of the relevant plaintiffs, there is no indication that they voluntarily recorded themselves having intimate conduct. Rather, the allegations in the CAC largely seem to convey that the individuals activated the AI features of the glasses for other reasons, not knowing this would *also* lead to recording. *See, e.g.*, CAC ¶ 4 ("Every activation of the AI features, intentional or accidental, captures video and audio that is transmitted to Meta's servers, routed overseas, and reviewed by low-paid human workers who watch, label, and embed these moments into Meta's AI models."); CAC ¶ 53 ("The Meta AI Glasses transmit data to Meta whenever Meta AI is triggered during their use. Meta AI may be triggered in several ways and often is triggered accidentally . . . .").

proceeding – while not nonexistent – is not weighty.

As for the public interest, the Court is cognizant that the general public does have an interest in the case given the nature of the privacy violations, the fact that Meta (a large, well-known technology company) is involved, and the publicity that this case has already garnered. But in some respects, this supports Plaintiffs' position that disclosure would be a real source of embarrassment. Defendants point out that the public also includes putative class members who likely have an interest in knowing who exactly will be representing them should the case be certified as a class action. But the case has yet to proceed to that stage. Should this case advance to class certification proceedings and there is a strong interest in putative class members as to who represents their interests, the Court's views may well change.

Finally, to the extent Defendants point out that, previously, PL01-PL03, PL05, PL08-PL09, and PL22 "publicly filed . . . complaints in these actions using their real names," Opp'n at 4, Plaintiffs indicate that the prior complaints did not disclose that the individuals had recorded intimate experiences. *See* Reply at 3-4. Given Plaintiffs' representation, the Court concludes that the fact of prior filing is itself not dispositive.

Taking into account all of the above, the Court concludes that, at this stage in the proceedings, the relevant plaintiffs' desire for anonymity outweighs the prejudice to Defendants and the public's interest in knowing their identities. This ruling does not bar Defendants or, *e.g.*, a putative class member from asking the Court to look at the issue of anonymity anew – *i.e.*, as the litigation progresses.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

## III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion to proceed pseudonymously. The plaintiffs at issue may, for the time being, use pseudonyms, except for PL04, PL06, PL07, and PL10. Within four weeks of the date of this order, Plaintiffs shall file an amended pleading disclosing the identities of PL04, PL06, PL07, and PL10. To be clear, the Court's ruling here does not preclude these four individuals from deciding not to proceed as named plaintiffs and proceeding instead as absent putative class members.

This order disposes of Docket No. 107.

**IT IS SO ORDERED**.

Dated: September 15, 2026

EDWARD M. CHEN
United States District Judge