**SKAGGS FAUCETTE LLP**
Jeffrey E. Faucette (No. 193066)
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Telephone: 415.874.3181
jeff@skaggsfaucette.com

**WILLIAMS & CONNOLLY LLP**
Dane H. Butswinkas (*pro hac vice*)
Richmond T. Moore (*pro hac vice*)
Matthew Nicholson (*pro hac vice*)
Timothy M. Pellegrino (*pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5688
dbutswinkas@wc.com
rtmoore@wc.com
mnicholson@wc.com
tpellegrino@wc.com

*Attorneys for Defendant*,
META PLATFORMS, INC.

**BLANK ROME LLP**
Frank A. Dante (*pro hac vice*)
Melissa Fundora Murphy (*pro hac vice*)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: 215.569.5645
frank.dante@blankrome.com
melissa.murphy@blankrome.com

Gregory M. Bordo (SBN 156147)
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434
gregory.bordo@blankrome.com

*Attorneys for Defendant*,
LUXOTTICA OF AMERICA INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*In re Meta AI Glasses Litigation*

This document relates to:
All actions

Master Case File No. 3:26-cv-01897-EMC

Assigned to Hon. Edward M. Chen

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO RESET INITIAL CASE DEADLINES**

## I. INTRODUCTION

Plaintiffs' motion to reset "initial case deadlines"—namely, dates for Rule 16(b) and Rule 26(f) conferences and entry of an ESI protocol and protective order—should be denied because it seeks to start discovery prematurely. In the next few weeks (by October 16, 2026), Defendants Meta Platforms, Inc. ("Meta") and Luxottica of America Inc. ("Luxottica") intend to move to compel arbitration of Plaintiffs' claims. Whether those motions are granted or denied, a stay of the case will be mandatory. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024); *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023). Moreover, subject to their motions to compel arbitration, Defendants also intend to file motions to dismiss. It would be wholly inefficient and prejudicial to Defendants to begin discovery before these forthcoming motions are resolved.

Plaintiffs fail to identify any prejudice from staying discovery. Their only argument is that they need to access evidence from Sama and other vendors who reviewed AI Glasses data. But Sama was a defendant in this case until recently (August 20) and is well aware of its preservation obligations. And Meta has reminded other third parties of their obligation to preserve evidence. Thus, the need to seek this third-party discovery is not a valid reason to start discovery now.

## II. BACKGROUND

This litigation concerns Meta's AI-powered smart glasses, which it designs and manufactures in partnership with Luxottica. These innovative glasses enable users to take photos and videos, listen to music, make hands-free calls, and interact with Meta AI.

On February 27, 2026, a European news outlet published a story alleging Meta—like other companies—uses human reviewers to train AI models. Compl. ¶¶ 55-58, 391, ECF No. 106. The article, which features accounts from employees of Sama, *id.* ¶¶ 56, 58, reported that Meta informed users it "will review [users'] interactions with AIs," including through "human" review, and that Meta warned users not to share information they did not "want the AIs to use and retain."[1]

Shortly thereafter, several class actions were filed alleging claims based on Meta's use of human reviewers. This Court consolidated the actions, appointed leadership, and set deadlines to

[1] Naipanoi Lepapa, et al., *She Came Out of the Bathroom Naked, Employee Says*, Svenska Dagbladet (Feb. 27, 2026), https://tinyurl.com/3m98xyvu.

file a consolidated amended complaint (August 31, 2026) and responsive pleadings (November 16, 2026). ECF Nos. 88, 92.

The complaint identifies 72 Plaintiffs who are (i) purchasers, (ii) users, and/or (iii) bystanders. Compl. ¶¶ 125, 135, 145. Plaintiffs allege in conclusory fashion (and based on fundamental misunderstandings of the technology) that their sensitive data was captured and reviewed by humans. *See id.* ¶¶ 295, 297, 300. The complaint states that Meta has "publicly acknowledged" its use of human reviewers and acknowledges that Meta "disclosed to users that some footage may be shared with human reviewers." *Id.* ¶¶ 957, 978.

Initial case deadlines were stayed by party agreement early in the case. ECF No. 57. Since then, the parties have conferred twice regarding initial deadlines. On the first occasion, Defendants declined to set deadlines because they had yet to see the consolidated complaint and were considering arbitration. Decl. of K. Swope ¶ 13, ECF No. 113-1. On the second, Defendants again declined because they had confirmed the claims in the consolidated complaint were subject to arbitration, and they informed Plaintiffs of their intent to move to compel arbitration. *See id.* ¶ 14.[2]

On September 16, 2026, Plaintiffs filed this motion seeking deadlines for a Rule 16(b) conference, a Rule 26(f) conference, and entry of an ESI protocol and protective order. Mot. 1, ECF No. 113. Plaintiffs argue they would be "unfairly prejudice[d]" without discovery because they need "crucial evidence" from Sama, a (now) third-party vendor that was voluntarily dismissed with prejudice eleven days before the complaint was filed. *Id.* at 3; *see also* ECF No. 104. Plaintiffs also contend Defendants' forthcoming motions do not justify delaying discovery. Mot. 3-5. As we explain, they have it precisely backwards.

## III. ARGUMENT

Courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). That includes the power to issue stays pending the resolution of dispositive motions. *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117 & n.11 (N.D. Cal. 2024) (collecting cases). To receive a stay, the "pending motion must be

[2] Defendants also proposed seeking to continue the November 16 motions deadline until after the motion to compel is decided; the parties are continuing to meet and confer about that proposal.

potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed" and capable of being "decided absent additional discovery." *Id.* at 1117-18 (citation omitted). "Courts frequently stay discovery pending resolution of a motion to compel arbitration" or a motion to dismiss where, as here, the movant would be prejudiced absent relief and the opposing party would not. *Arik v. Meyers*, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020).[3] Courts can also postpone the issuance of a scheduling order if, as here, there is "good cause" to do so. *See* Fed. R. Civ. P. 16(b)(2).

**A. Defendants' forthcoming dispositive motions warrant a stay of discovery.**

Meta and Luxottica intend to file two dispositive motions. They will first move to compel arbitration. Meta's Supplemental Meta Platforms Technologies Terms of Service (the "Supplemental Terms") require arbitration of "*any cause of action, legal claim, or dispute between you and Meta arising out of or related to these Supplemental Terms, or the purchase or personal use of MPT Products.*" Suppl. Terms § 5.6.a (Apr. 29, 2025), https://tinyurl.com/5nb26c84. As Defendants will establish, this agreement binds each Plaintiff, including because they are signatories of the agreement or have preexisting relationships with a signatory. Luxottica is equally entitled to compel arbitration based on the nature of the claims and their connection to the Supplemental Terms. Subject to their motions to compel, Defendants will also file motions to dismiss, which will each raise several threshold dispositive legal arguments, including lack of standing and consent. These forthcoming motions warrant a stay of discovery.

*First*, these motions "may dispose of … [Plaintiffs'] entire case." *Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022). "Potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive for purposes of determining whether to stay discovery." *Arik*, 2020 WL 515843, at *2. Likewise, Defendants' motions to dismiss will raise threshold legal issues, including standing and consent, that will be dispositive of all or considerable portions of the claims. *See Realtek*, 732 F. Supp. 3d at 1117 ("strong showing" of entitlement to a stay "often occurs where the party seeking a stay raises

---

[3] *See, e.g.*, *Realtek*, 732 F. Supp. 3d at 1118; *Nguyen v. BMW of N. Am., LLC*, 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021); *Mahamedi IP L., LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017).

jurisdictional or immunity issues" (citations omitted)).

*Second*, "no additional discovery would help the Court resolve [these] motions." *Cal. Crane*, 2022 WL 1271010, at *1. The motions will "either challenge the legal sufficiency of [Plaintiffs'] complaint or raise narrow legal issues about the scope of [Meta's] arbitration provisions." *Id.* In either case, no discovery is necessary. *See, e.g.*, *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022).

Plaintiffs resist this straightforward analysis, but each of their arguments fails. They start by insisting a stay is inappropriate because no motions to compel arbitration have been filed. Mot. 3. But Meta only received the 230-page complaint (which Plaintiffs took months to draft) on August 31, 2026—exactly three weeks ago. And Defendants will file their motions to compel by October 16, *before* the November 16 dispositive motions deadline. Thus, the fact that the motions are imminent does not justify greenlighting discovery.

Plaintiffs' case law is no help either. Mot. 3-4. Many involve instances where discovery had already begun, and the litigants sought to pause it, which is not the case here. *See, e.g.*, *Ehret v. Uber Techs., Inc.*, 2014 U.S. Dist. LEXIS 103128, at *3 (N.D. Cal. July 28, 2014). Regardless, courts "routinely grant stays under similar circumstances." *Mahamedi IP L.*, 2017 WL 2727874, at *1 (collecting cases). It is "the general practice of district courts" to do so. *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001). Indeed, this Court has done so. *MegaCorp Logistics LLC v. Turvo, Inc.*, 2018 WL 3619656, at *1 n.1 (N.D. Cal. July 30, 2018) (Chen, J.). That makes sense: "[A] short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is … prudent." *Mahamedi IP L.*, 2017 WL 2727874, at *1 (citation omitted).

Finally, Plaintiffs insist (without citation) that a stay is not called for because the complaint "adds" bystander claims, and there is "no argument to compel arbitration" as to them. Mot. 4. That bystander claims were, in Plaintiffs' words, added after Meta noted its intent to arbitrate is curious. Regardless, under well-established equitable doctrines, nonsignatories must arbitrate where, as here, a preexisting relationship exists between the signatory and nonsignatory, or their claims are intertwined with the agreement's benefits and obligations. *See County of Contra Costa v. Kaiser*

*Found. Health Plan, Inc.*, 47 Cal. App. 4th 237, 242-43 (1996), *as modified*, (Aug. 1, 1996); *see also Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013).

**B. Defendants would be prejudiced absent a stay.**

Plaintiffs' motion ignores both the prejudice Defendants would suffer and the waste of judicial resources if discovery proceeds. The harm to Defendants if discovery starts immediately is significant. That is, "requiring Defendant[s] to engage in discovery that may not be permitted or accepted later if the matter is sent to arbitration would be prejudicial." *Nguyen*, 2021 WL 2284113, at *4; *see also Arik*, 2020 WL 515843, at *2. And "the risk of prejudice to Defendant[s] from having to respond to intrusive discovery on a claim that does not survive the pending motions to dismiss is very high." *Ningbo Yituo Enter. Mgmt. Co. v. Goplus Corp.*, 2025 WL 2995116, at *5 (C.D. Cal. Sep. 18, 2025).

Nor is proceeding with discovery a good use of this Court's resources. At best, discovery would remain open briefly before being stayed pending arbitration or any appeals. *See Smith*, 601 U.S. at 478; *Coinbase*, 599 U.S. at 738.[4] Opening the door only to then close it makes little sense. In contrast, "[a] stay … will allow the Court to avoid any potentially unnecessary judicial expenditures such as discovery disputes that may or may not be relevant if the matter is … sent to arbitration." *Ningbo*, 2025 WL 2995116, at *5 (citation omitted).

**C. Plaintiffs would suffer no prejudice if discovery were stayed.**

"[T]he case has only been pending for six months so a brief delay will not greatly prejudice Plaintiff[s]," *Nguyen*, 2021 WL 2284113, at *4, and nothing in their motion suggests otherwise. Their sole argument is that a stay would prevent "immediate access" to "crucial evidence" from Sama. Mot. 3. But Sama was a party and thus aware of its preservation obligations. Regardless, "[i]mmediate access" to data is not synonymous with irreparable harm. Where appropriate, Meta has also advised third-party vendors to preserve documents. A stay would not prejudice Plaintiffs.

## IV. CONCLUSION

Plaintiffs' motion to reset initial case deadlines should be denied.

---

[4] Plaintiffs cite *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1035 (N.D. Cal. 2015) to suggest "reasonable discovery" can occur during an appeal of an order denying a motion to compel, but *Coinbase* has since held a court "must stay its proceedings" in those instances. 599 U.S. at 738.

DATED: September 21, 2026

**SKAGGS FAUCETTE LLP**

By: */s/ Jeffrey E. Faucette*

Jeffrey E. Faucette (No. 193066)
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Telephone: 415.874.3181
jeff@skaggsfaucette.com

**WILLIAMS & CONNOLLY**

By: */s/ Richmond T. Moore*

Dane H. Butswinkas (*admitted pro hac vice*)
Richmond T. Moore (*admitted pro hac vice*)
Matthew Nicholson (*admitted pro hac vice*)
Timothy M. Pellegrino (*admitted pro hac vice*)
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5688
dbutswinkas@wc.com
rtmoore@wc.com
mnicholson@wc.com
tpellegrino@wc.com

*Attorneys for Defendant*,
META PLATFORMS, INC.

**BLANK ROME LLP**

By: */s/ Frank A. Dante*

Frank A. Dante (*admitted pro hac vice*)
Melissa Fundora Murphy (*admitted pro hac vice*)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: 215.569.5645
frank.dante@blankrome.com
melissa.murphy@blankrome.com

Gregory M. Bordo (SBN 156147)
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434
gregory.bordo@blankrome.com

*Attorneys for Defendant*,
LUXOTTICA OF AMERICA INC.

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the other signatories have concurred in the filing of this document.

*/s/ Jeffrey E. Faucette*
Jeffrey E. Faucette