UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META AI GLASSES LITIGATION.

Case No. 26-cv-01897-EMC

**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO RESET INITIAL CASE DEADLINES**

Docket No. 113

Pending before the Court is Plaintiffs' motion asking the Court to set an initial case management conference (*i.e.*, now that interim class counsel has been appointed and the consolidated amended complaint filed). Defendants oppose. Their basic argument is that the Court and parties should not embark on discovery when Defendants will soon be filing a motion to compel arbitration as well as a motion to dismiss.

Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Plaintiffs' motion. Even if Defendants are right that this case should be arbitrated, there will be at least some discovery that will take place in arbitration. The Court sees no basis to put this case at a standstill in its entirety. *See also Maharaj v. Charter Communs., Inc.*, No. 20cv64-BAS-LL, 2021 U.S. Dist. LEXIS 73035, at *5 (S.D. Cal. Apr. 15, 2021) ("[T]here is no rule requiring the automatic stay of discovery while a motion to compel arbitration is pending.").

As for a motion to dismiss, discovery is not typically stayed simply because a motion to dismiss has been filed. *See Ehret v. Uber Techs., Inc.*, No. C-14-0113 EMC, 2014 U.S. Dist. LEXIS 103128, at *2 (N.D. Cal. July 28, 2014) ("It is within a district court's discretion to grant or deny a request to stay discovery pending a motion to dismiss. There is no automatic stay of

United States District Court
Northern District of California

discovery pending a motion to dismiss."); *id.* at *3 ("[I]t is not an abuse of discretion for a district court to stay discovery '*when it is convinced that the plaintiff will be unable to state a claim for relief*.'") (emphasis added). Defendants suggest that a motion to dismiss would not be immediately entertained because they would appeal any adverse ruling on their motion to compel arbitration, which would then automatically result in a stay of proceedings. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023) (holding that a "district court must stay its proceedings" when the party whose motion to compel arbitration was denied appeals the denial of the motion to compel). According to Defendants, it would "make[] little sense" for discovery to be "open[ed] briefly before being stayed pending arbitration or any appeals." Opp'n at 5. But even if a discovery window may be brief, there may still be some value to the discovery – *e.g.*, for Plaintiffs, for settlement discussions, or for some other reason.

Accordingly, Plaintiffs' motion for relief is granted. The Court shall hold an initial case management conference on **October 13, 2026, at 1:30 p.m.** A joint case management conference statement shall be filed one week prior thereto. The parties shall conduct their Rule 26(f) conference within 10 days of this order and enter into an ESI protocol and protective order within 30 days of this order.

This order disposes of Docket No. 113.

**IT IS SO ORDERED**.

Dated: September 24, 2026

EDWARD M. CHEN
United States District Judge